UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 2:90-00041

YUL CARTER


SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
MEMORANDUM OPINION AND ORDER


On November 13, 2013, the United States of America appeared by Jennifer L. Rada, Assistant United States Attorney, and the defendant, Yul Carter, appeared in person and by his counsel, David R. Bungard, Assistant Federal Public Defender, for a hearing on the petition on supervised release and amendment thereto submitted by United States Probation Officer Troy A. Lanham.  The defendant commenced a three-year term of supervised release in this action on April 8, 2013, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on September 18, 1990.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant failed to follow the instructions of the probation officer and submit a written report inasmuch as he failed to report to the probation office as instructed on September 30, 2013, and failed to submit his monthly report for September 2013, rendering his whereabouts unknown to the probation officer; (2) the defendant used and possessed cocaine as evidenced by positive urine specimens submitted by him on July 8, August 5 and 8, September 26 and October 16, 2013, and the defendant's admission to the probation officer on July 6 and August 3, 2013, that he had used cocaine; (3) the defendant failed to submit to random urinalysis as instructed on August 28 and 30, and September 5, 2013; and (4) the defendant failed to appear for substance abuse treatment as instructed on September 12 and 26, and October 1 and 3, 2013; all as admitted by the defendant on the record of the hearing and as set forth in the petition on supervised release and amendment thereto.

2

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant is in need of correctional treatment which can most effectively be provided if he is confined, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of THREE (3) MONTHS, to be followed by a term of fifty-seven (57) months supervised release[1] upon the standard conditions of supervised

---

[1]The fifty-seven (57) month term of supervised release is imposed as to each of Counts 2, 4 and 6, to run concurrently, and a thirty-three (33) month term of supervised release is imposed as to each of Counts 1, 3 and 5, to run concurrently to each other and the 57 months imposed as to Counts 2, 4 and 6, resulting in a total supervised release term of 57 months.

3

release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special conditions that (1) he spend a period of six (6) months in a community confinement center, preferably Dismas Charities, and follow the rules and regulations of the facility, and (2) he participate in drug abuse counseling and treatment while at Dismas and thereafter as directed by the probation officer.  If feasible, the defendant shall report directly to the community confinement center from his place of incarceration.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  December 3, 2013

John T. Copenhaver, Jr.
United States District Judge

4